ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| SYLVIA CHERYL MORALES PLA<br>Demandante-Peticionaria<br><br>v.<br><br>COMPAÑÍA / PERSONA/ ENTIDAD / SOCIEDAD "A" H/N/C FARMACIA ASTURIAS COMPAÑÍA ASEGURADORA PHARMACY MUTUAL INSURANCE, PERSONA / ENTIDAD / SOCIEDAD / COMPAÑÍA "B", "C" Y "<br><br>FARMACIA ASTURIAS, COMPAÑÍA ASEGURADORA PHARMACY MUTUAL INSURANCE, PERSONA / ENTIDAD / SOCIEDAD / COMPAÑÍA "B", "C" Y "D" Y OTROS<br><br>Demandados-Recurridos<br><br>v.<br><br>FERNANDEZ DEBS CORPORATION<br>Tercero Demandado-Recurrido | KLCE202500005 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Número: BY2021CV03995<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de febrero de 2025.

Comparece la señora Sylvia Cheryl Morales Pla ("la señora Morales Pla" o "la demandante-peticionaria") mediante una *Petición de Certiorari*. Nos solicita la revocación de una *Resolución Interlocutoria* emitida el 20 de diciembre de 2024, notificada el 26 de diciembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("el foro primario" o "el foro *a quo*"). En virtud del referido dictamen, el foro primario concluyó que la demandante-peticionaria tuvo oportunidad en reiteradas ocasiones de sustituir su perito, sin embargo, no lo hizo. En su consecuencia, resolvió que

la actual representación legal debe continuar el caso en la etapa que se encuentra, por lo que, no puede litigar lo previamente adjudicado.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de certiorari.

**I.**

El 3 de octubre de 2021, la señora Morales Pla instó una *Demanda* por daños y perjuicios en contra de Farmacia Asturias ("la Farmacia") y Pharmacist Mutual Insurance Company ("Pharmacist Mutual"), entre otros ("las entidades demandadas-recurridas", conjuntamente).[1] En síntesis, alegó que sufrió una caída en el estacionamiento de la Farmacia. Señaló que el lugar no contaba con adecuada iluminación. Como resultado de esa condición peligrosa, especificó que cayó en un hoyo en el cual transcurre el agua producida por unas unidades de aire acondicionado. A raíz de esos hechos, la demandante-peticionaria sufrió una serie de lesiones en sus rodillas, sus pies y piernas derecha e izquierda, así como la espalda baja. En vista de ello, solicitó $100,000.00 por el daño físico producto de la negligencia, la culpa, la omisión y la falta de previsibilidad. También peticionó las siguientes cuantías: (1) $100,000.00 en concepto de angustias mentales y daño moral, (2) $880.00 por la pérdida de ingreso en una semana, y (3) las correspondientes sumas económicas a razón de los tratamientos que la demandante ha tenido que costear, según se contabilice y eventualmente se informe al foro primario.

Por su parte, el 13 de enero de 2022, la Farmacia Asturias y Pharmacist Mutual presentaron su *Contestación a la Demanda*.[2] En esencia, sostuvieron que la *Demanda* según redactada no establece una causa de acción a favor de la demandante-peticionaria. Arguyeron que no tienen responsabilidad por el área del estacionamiento donde ocurrió el accidente, toda vez que dicha propiedad es arrendada. Razonaron que el dueño del centro comercial es el responsable del cuido y el mantenimiento de ese espacio. Por tanto, solicitaron que el foro primario declarara *No Ha Lugar* la reclamación presente.

---

[1] Apéndice de la parte peticionaria, págs. 5-11.
[2] Apéndice de la parte peticionaria, págs. 12-14.

Ese día, dichas entidades demandadas-recurridas sometieron, a su vez, una *Demanda contra Tercero*, es decir, la compañía aseguradora Fernández Debs Corporation ("Fernández Debs").[3] En esta aseveraron que la Farmacia Asturias opera en un local arrendado a Fernández Debs de acuerdo con un contrato privado otorgado el 3 de abril de 2013. Así alegado, argumentó que la corporación tercera demandada es la responsable de brindar el mantenimiento a las aceras y el estacionamiento de su edificio, por lo que, debe responderle directamente a la señora Morales Pla.

En respuesta a tales alegaciones, el 25 de marzo de 2022, Fernández Debs presentó su *Contestación a Demanda contra Tercero* en la cual sostuvo que alegó que la demanda no expone una reclamación que amerite la concesión de un remedio legal.[4] Entre otros extremos, argumentó que no incurrió en actos culposos o negligentes, toda vez que la ocurrencia del accidente era imprevisible.

Eventualmente, el 20 de junio de 2022, las partes del pleito de epígrafe sometieron en conjunto el *Informe para el Manejo de Caso*.[5] En lo pertinente, la señora Morales Pla indicó que el doctor Cándido Martínez, quien era fisiatra, rendiría el informe pericial.

Luego de una serie de incidencias procesales, que no son necesarias pormenorizar, el 8 de noviembre de 2023, las partes de epígrafe radicaron el *Informe Preliminar entre Abogados sobre Conferencia con Antelación a Juicio* ("*Informe*").[6] **En ese escrito, la demandante-peticionaria particularmente informó que falleció el doctor Cándido**. **Por tanto, indicó que presentaría en la prueba testifical a la doctora Alicea, quien declararía sobre el tratamiento médico y las terapias que le ha ofrecido**. (Énfasis nuestro). Además, adelantó que la doctora "podrá describir los daños que ésta ha podido detectar, las consecuencias de la caída, la temporalidad de los daños, así como el tratamiento que la demandante-peticionaria tendrá que continuar

---

[3] Apéndice de la parte peticionaria, págs. 15-16.
[4] Apéndice de la parte peticionaria, págs. 18-19.
[5] Apéndice de la parte peticionaria, págs. 20-26.
[6] Apéndice de la parte peticionaria, págs. 39-59.

recibiendo durante su vida y la progresión de los daños recibidos".[7] En cuanto a la prueba pericial se limitó a anunciar al ingeniero Javier Rodríguez. **A su vez, al igual que las demás partes, indicó que daba por culminado el descubrimiento de prueba**. (Énfasis nuestro).[8]

Sometido el referido documento, el 13 de noviembre de 2023, el foro *a quo* celebró una conferencia con antelación a juicio.[9] Surge de la *Minuta*, notificada el 16 de noviembre de 2023, que la demandante-peticionaria durante la discusión del *Informe* **anunció que presentaría a la doctora Nancy Alicea Valentín como perito de ocurrencia.** (Énfasis nuestro). No obstante, Farmacias Asturias objetó el anuncio de dicha perita, pues previamente no fue notificada. Agregó que en una vista anterior la demandante-peticionaria indicó que no contaba con los medios económicos para contratar un perito, sin embargo, nunca informó que se proponía a presentar a la doctora Alicea. Trabada así la controversia, el foro primario estableció que esperaría a la regrabación de esa vista para corroborar si anteriormente se anunció o no.

Surge del expediente electrónico que, el 12 de diciembre del 2023, la demandante-peticionaria presentó una *Urgente Moción de Regrabación* de todas las vistas llevadas a cabo en el presente caso desde el 1 de enero del 2023 al presente.[10] En respuesta, el 13 de diciembre de 2023, el foro primario emitió una *Orden,* notificada al día siguiente, en la cual refirió dicha solicitud a la coordinadora de regrabación.[11] El 7 de febrero de 2024, la demandante-peticionaria recibió la regrabación solicitada.[12]

Así las cosas, tras decretar un nuevo señalamiento a solicitud de la demandante-peticionaria, el 29 de febrero de 2024, el tribunal recurrido celebró la vista para atender el estado de los procedimientos según consta en la *Minuta* notificada el 3 de marzo de 2024.[13] **En posición para resolver la controversia sobre la perita de ocurrencia propuesta por la demandante,**

---

[7] Apéndice de la parte peticionaria, pág. 47.
[8] Apéndice de la parte peticionaria, págs. 48.
[9] Apéndice de la parte peticionaria, págs. 31-33.
[10] Entrada número cincuenta y dos (52) de SUMAC.
[11] Entrada número cincuenta y tres (53) de SUMAC.
[12] Entrada número sesenta (60) de SUMAC.
[13] Apéndice de la parte peticionaria, págs. 34-38.

**el foro primario determinó que podría testificar en cuanto a lo establecido en el récord médico, pero no sobre el asunto de incapacidad**.[14] **Así indicado, señaló la celebración del juicio para los días 4, 5 y 6 de diciembre de 2024.** (Énfasis nuestro).

Aproximada la fecha para celebración del juicio, el 7 de noviembre de 2024, la representación legal de la señora Morales Pla[15] presentó una *Urgente Solicitud de Relevo y Permiso para Renunciar [a] la Representación Legal* por diferencias de criterios en cuanto a una oferta de sentencia notificada a la demandante-peticionaria.[16]

Evaluada la referida solicitud, el 8 de noviembre de 2024, el foro primario emitió una *Orden*, notificada el 12 de noviembre de 2024, en la que declaró *No Ha Lugar* en ese momento el relevo solicitado.[17] A continuación, destacamos el pronunciamiento judicial emitido por el Tribunal de Primera Instancia:

> **NO HA LUGAR EN ESTE MOMENTO, EL PRESENTE CASO ESTA SEÑALADO PARA JUICIO EL 4, 5 Y 6 DE DICIEMBRE DE 2024. SE LE ORDENA A LA SRA. SYLVIA CHERYL MORALES PLA A INFORMAR SU NUEVA REPRESENTACION LEGAL EN EL TERMINO DE 5 DIAS SO PENA DE SANCIONES ECONOMICAS. LA NUEVA REPRESENTACION LEGAL TIENE QUE ESTAR PREPARADA PARA VER EL JUICIO EN LA FECHA PAUTADA. ESTE CASO ES DEL AÑO 2021 Y LAS FECHAS DE ESTE JUICIO FUERON SELECCIONADAS EN FEBRERO DE 2024. SECRETARIA NOTIFIQUE ESTA ORDEN A LA PARTE DEMANDANTE A LA DIRECCION POSTAL INFORMADA EN ESTA MOCION**. (Énfasis nuestro).[18]

En cumplimiento con lo decretado, el 18 de noviembre de 2024, JJ Law LLC[19] en representación de la señora Morales Pla sometió una *Moción Asumiendo Representación Legal y en Solicitud de Remedios Urgentes*.[20] En lo pertinente, sostuvo que requería tiempo adicional para asumir una representación adecuada e indicó que no estaría disponible para el juicio calendarizado para el mes de diciembre. Peticionó, además, que el tribunal permitiera sustituir al fenecido doctor Martínez por el doctor Middelhof De

---

[14] Apéndice de la parte peticionaria, págs. 35-36.
[15] Del expediente ante nuestra consideración se desprende que, la representación legal de la demandante en aquel entonces era el licenciado Raúl Varandela Velázquez.
[16] Apéndice de la parte peticionaria, págs. 60-61.
[17] Apéndice de la parte peticionaria, págs. 62-63.
[18] Apéndice de la parte peticionaria, págs. 62.
[19] Particularizamos que, los suscribientes de esa moción son el licenciado Juan Carlos Fontánez Nieves y la licenciada Judith Santiago Medina.
[20] Apéndice de la parte peticionaria, págs. 64-71

León, quien se compromete a evaluar a la demandante-peticionaria y eventualmente a producir un informe.

Considerados tales argumentos, el 21 de noviembre de 2024, el foro *a quo* emitió una *Orden*, notificada al día siguiente, en la cual declaró *Ha Lugar* la petición para asumir la representación legal.[21] En esta dejó sin efecto los señalamientos calendarizados para el 5 y 6 de diciembre de 2024. A su vez, indicó que el señalamiento del 4 de diciembre de 2024 se convertiría en una vista para atender el estado de los procedimientos, en la cual se atendería el asunto del perito recién propuesto, y también se escogería la nueva fecha para celebrar juicio.

Luego de celebrar la aludida vista, el 20 de diciembre de 2024, el foro primario emitió una *Resolución Interlocutoria*, notificada el 26 de diciembre de 2024.[22] En esencia, resolvió que "**la parte demandante tuvo oportunidad en muchas ocasiones de sustituir el perito y no lo hizo. Desafortunadamente al abogado asumir la defensa debe seguir el caso como está, no puede reabrir ni rehacer lo adjudicado y argumentar al respecto**".[23] (Énfasis nuestro). Además, señaló la celebración del juicio para el 14 de marzo de 2025.

Inconforme, el 2 de enero de 2025, la señora Morales Pla recurrió ante este Tribunal de Apelaciones mediante una *Petición de Certiorari*. En su recurso, presentó los siguientes señalamientos de error:

> PRIMERO: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL APLICAR AUTOMÁTICAMENTE LA DOCTRINA DE LA LEY DEL CASO PARA DENEGAR LA SUSTITUCIÓN DE UN PERITO QUE FALLECIÓ SIN CONSIDERAR QUE DICHA SUSTITUCIÓN ES NECESARIA PARA EVITAR UNA MEDIDA TAN SEVERA COMO LA EXCLUSIÓN DE PRUEBA PERICIAL ESENCIAL, PARTICULARMENTE CUANDO LA NECESIDAD DE LA SUSTITUCIÓN SURGE DE UN EVENTO EXTRAORDINARIO FUERA DEL CONTROL DE LAS PARTES.

> SEGUNDO: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO EJERCER SU DISCRECIÓN DE MANERA RAZONABLE Y PONDERADA AL DENEGAR LA SUSTITUCIÓN DEL PERITO, AUN CUANDO: (1) NO EXISTE PERJUICIO PARA LA PARTE DEMANDADA, QUIEN YA HABÍA PREPARADO SU CASO ANTICIPANDO TESTIMONIO PERICIAL DE UN FISIATRA, (2) LA SUSTITUCIÓN PROPUESTA MANTENDRÍA EL MISMO TIPO DE TESTIMONIO PERICIAL ORIGINALMENTE CONTEMPLADO, Y (3) EL NUEVO PERITO PODRÍA COMPLETAR SU EVALUACIÓN E INFORME RAZONABLE PREVIO AL JUICIO.

---

[21] Entrada número setenta y seis (76) de SUMAC.
[22] Apéndice de la parte peticionaria, págs. 1-4.
[23] Apéndice de la parte peticionaria, pág. 2.

TERCERO: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO RECONOCER QUE LA DOCTRINA DE LA LEY DEL CASO NO ES UN MANDATO INFLEXIBLE, SINO QUE DEBE CEDER CUANDO SU APLICACIÓN RESULTA EN UNA MANIFIESTA INJUSTICIA, COMO LO ES PRIVAR A UNA PARTE DE PRESENTAR PRUEBA PERICIAL ESENCIAL SOBRE DAÑOS PERMANENTES POR RAZÓN DEL FALLECIMIENTO DE SU PERITO.

CUARTO: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO EVALUAR LA TOTALIDAD DE LAS CIRCUNSTANCIAS INCLUYENDO QUE LA PARTE DEMANDANTE NO PUDO SUSTITUIR EL PERITO QUE ANTERIORMENTE POR UNA LIMITACIÓN ECONÓMICA LEGÍTIMA Y NO POR FALTA DE DILIGENCIA O DEJADEZ, Y QUE AHORA LA SUSTITUCIÓN SERVIRÍA PARA GARANTIZAR UNA ADJUDICACIÓN JUSTA Y EN LOS MÉRITOS DE SU RECLAMACIÓN.

Sometido el recurso, el 10 de enero de 2025, esta Curia emitió *Resolución* en la cual ordenamos a la parte demanda-recurrida a presentar su oposición a la expedición del auto de *certiorari* conforme establece la Regla 37 del Tribunal de Apelaciones, 4 LPRA XXII-B. R. 37. En cumplimiento con lo decretado, el 22 de enero de 2025, Farmacia Asturias y Pharmacist Mutual sometieron su *Oposición a Expedición de Auto de Certiorari.*

Con el beneficio de la comparecencia de las partes, procedemos a discutir el marco legal pertinente a la controversia ante nos.

## II.

### A. Recurso de certiorari

Es norma reiterada que, el auto *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Artículo 670 del Código de Enjuiciamiento Civil de 1933, Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

Ahora bien, el ejercicio de nuestra discreción judicial no es absoluto. A tales efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias que activan nuestras facultades revisoras ante las resoluciones y las órdenes interlocutorias:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis nuestro).

A pesar de que la Regla 52.1 de Procedimiento Civil, *supra*, permite revisar las determinaciones interlocutorias recurridas, "la expedición del auto y la adjudicación en sus méritos es discrecional". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). En consonancia con lo anterior, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, preceptúa los criterios para la expedición de un auto de *certiorari*:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estas consideraciones orientan la función del foro apelativo para ejercer sabiamente nuestra facultad discrecional. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209. A su vez, la precitada disposición reglamentaria permite que el análisis revisorio no se efectúe en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra,* pág. 176.

En atención a los preceptos discutidos, los tribunales revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). Así pues, nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración en tal ejercicio discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 849 (2023).

Por último, es menester puntualizar que la denegatoria del auto de *certiorari* no implica la ausencia de error en el dictamen, cuya revisión se solicita, ni constituye una adjudicación en sus méritos. *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 99. En estos casos, la denegatoria es una facultad discrecional, que evita una intervención apelativa a destiempo con el trámite pautado por el foro de instancia. Íd. Por tanto, una vez el foro primario dicte sentencia final, la parte afectada ostentará el derecho para presentar el recurso apelativo correspondiente. Íd. págs. 98-99.

### B. Descubrimiento de prueba

En nuestro esquema procesal impera el principio de un descubrimiento de prueba amplio y liberal. *Cruz Flores v. Hospital Ryder Memorial Inc.*, 210 DPR 465, 496 (2022). Esta normativa persigue los siguientes propósitos: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresas en la etapa de los procedimientos; (3) facilitar la búsqueda de la verdad, y (4) perpetuar evidencia. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 152 (2000). De tal manera, se facilita la consecución de evidencia, se evitan las sorpresas en el juicio y se perpetúa la prueba. *García Rivera et al. v. Enríquez*, 153 DPR 323, 333 (2001). Además, las partes pueden prepararse para el juicio debido a que tienen la oportunidad de obtener la evidencia necesaria para evaluar y resolver las controversias del caso. *Rivera y otros v. Bco. Popular, supra,* pág. 152.

Ahora bien, los Tribunales de Primeras Instancia ostentan amplia discreción para regular el ámbito del descubrimiento, pues tienen la obligación de garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Rivera et al. v. Arcos Dorados et al.*, *supra*, pág. 203.[24]

En virtud de tales principios, el Tribunal Supremo de Puerto Rico ha delineado las siguientes consideraciones:

> En el ejercicio de esta facultad, los tribunales deberán hacer un balance entre dos intereses de gran importancia para el adecuado desenvolvimiento de la labor de impartir justicia a través del sistema judicial: de una parte deberán garantizar la pronta solución de las controversias, y de otra, velar por que las partes tengan la oportunidad de llevar a cabo un amplio descubrimiento de forma tal que en la vista en su fondo no surjan sorpresas. *Rivera y Otros v. Bco. Popular*, *supra*, págs. 154-155.

A la luz de lo anterior, somos deferentes a la amplia discreción del foro primario en cuanto su facultad para regular el descubrimiento de prueba. Por tanto, los foros apelativos no debemos intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659 (2021).

### C. Discreción judicial en el manejo de casos

Es menester discutir que, los jueces del foro primario gozan de amplia flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales. *In re Collazo I*, 159 DPR 141, 150 (2003). Es decir, ostentan

---

[24] Conviene puntualizar que, en el caso de referencia el foro supremo atendió una controversia que giraba en torno a la denegatoria del Tribunal de Primera Instancia para presentar un perito fisiatra en la etapa inicial de descubrimiento de prueba. En dicho caso, revocó al foro primario porque excluyó del juicio un testimonio pericial importante:

> En el contexto particular de los sucesos procesales de este caso, la solicitud de los peticionarios no implicaba una carga adicional para los recurridos ni una mayor dilación en el trámite de los procedimientos. Lo cierto es que el descubrimiento de prueba todavía no había concluido y la toma de deposiciones de los peticionarios se encontraba pendiente. Más aún, el tribunal de instancia recientemente había autorizado una enmienda a la demanda para incluir a un nuevo codemandado al pleito. Por ende, contrario a lo manifestado por el foro apelativo intermedio, determinamos que el tribunal de instancia abusó de su discreción al denegar la presentación del perito aquí implicado sin antes considerar la imposición de sanciones menos severas, apercibir a los peticionarios de las consecuencias de su incumplimiento y cuando el descubrimiento de prueba aún no había concluido. *Rivera et al. v. Arcos Dorados et al.*, *supra*, págs. 215-216.

Nótese que en el caso aludido no había concluido el descubrimiento de prueba y "las partes no lograron preparar el informe de conferencia por razones ajenas a la voluntad de las partes". Íd., pág. 199.

la autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. Íd. A su vez, tales facultades permiten que los juzgadores de hechos manejen los casos conforme con su discreción judicial. Por lo que, tienen autoridad para actuar dentro de "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera" *Rivera et al. v. Arcos Dorados et al.*, *supra*, pág. 210, No obstante, en este ejercicio discrecional "el tribunal no puede actuar en una forma u otra haciendo abstracción del derecho". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013).

Así pues, el foro primario tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora y con miras a que se logre una justicia rápida y eficiente. *In re Pagani Padró,* 181 DPR 517, 529 (2011). Por tal razón, los tribunales revisores apelativos no debemos sustituir el criterio producto de la discreción judicial, salvo que se pruebe (1) una actuación con prejuicio o parcialidad; (2) craso abuso de discreción, o (3) una equivocación en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera Gómez v. Arcos Dorado de Puerto Rico*, *supra*, pág. 210.

**III.**

En el recurso presente, la señora Morales Pla señala que incidió el Tribunal de Primera Instancia al no permitir la presentación del doctor Middelholf De León, quien es especialista en medicina física y rehabilitación, como perito en sustitución del fenecido doctor Dávila. En particular, señala que no permitir tal sustitución le priva de su capacidad de sustentar el caso y resulta un perjuicio desproporcionado e irremediable. Aduce que la medida extrema de excluir un perito equivale a la sanción drástica de desestimación, por lo que, debe darse en situaciones excepcionales. Por tanto, solicita la expedición del auto de *certiorari,* y en su consecuencia, la revocación de la resolución recurrida.

Ante tales alegaciones, Farmacia Asturias y Pharmacist Mutual advierten que la señora Morales Pla tuvo oportunidad de contratar un nuevo

perito, sin embargo, no lo hizo por aparentemente no contar con los medios económicos para su contratación. Sobre este particular, enfatizan que en el *Informe de Conferencia con Antelación a Juicio* quedó plasmado que no presentaría perito médico. No obstante, destacan que, contrario a lo previamente establecido, la actual representación legal de la demandante solicita la autorización para contratar un nuevo perito cuando el juicio está señalado para el 14 de marzo de 2025. En ese sentido, consideran que el foro primario correctamente mantuvo lo acordado en el caso para que la demandante pudiera comparecer con su nueva representación legal. En vista de lo anterior, argumentan que procede denegar la expedición del auto de *certiorari*, pues de lo contrario, se causaría un fraccionamiento indebido del pleito, lo cual afectaría su solución final.

**En la disposición de este caso, conviene repasar ciertos aspectos significativos del trámite procesal. Veamos**.

El 8 de noviembre de 2023, las partes de epígrafe presentaron el *Informe Preliminar entre Abogados sobre Conferencia con Antelación a Juicio* que eventualmente quedó sometido ante el Tribunal de Primera Instancia. En este escrito, la demandante adelantó que la doctora Alicea sería su perito de ocurrencia, toda vez que declararía sobre el tratamiento médico y las terapias que le ha ofrecido. En respuesta a su propuesta, el 29 de febrero de 2024, el tribunal recurrido en corte abierta resolvió que la doctora podría testificar limitada a lo establecido en el récord médico, pero no sobre el asunto de incapacidad, según consta en la *Minuta* notificada el 3 de marzo de 2024.[25] Así indicado, señaló la celebración del juicio para los días 4, 5 y 6 de diciembre de 2024.

Adelantados los procesos del caso y calendarizados los trámites judiciales dirigidos a la celebración del juicio, el 21 de noviembre de 2024, el foro *a quo* emitió *Orden*, notificada al día siguiente, en la cual declaró *Ha Lugar* a la *Moción Asumiendo Representación* sometida JJ Law, LLC. Adviértase, que la intervención de esta nueva representación legal quedó sujeta a lo

---

[25] Apéndice de la parte peticionaria, págs. 34-38.

establecido en la *Orden* emitida el 8 de noviembre de 2024, notificada el 12 de noviembre de 2024, en la que el foro primario puntualizó lo siguiente:

> SE LE ORDENA A LA SRA. SYLVIA CHERYL MORALES PLA A INFORMAR SU NUEVA REPRESENTACION LEGAL EN EL TERMINO DE 5 DIAS SO PENA DE SANCIONES ECONOMICAS. LA NUEVA REPRESENTACION LEGAL TIENE QUE ESTAR PREPARADA PARA VER EL JUICIO EN LA FECHA PAUTADA. ESTE CASO ES DEL AÑO 2021 Y LAS FECHAS DE ESTE JUICIO FUERON SELECCIONADAS EN FEBRERO DE 2024.[26]

Así pues, en atención al testimonio pericial del doctor Middelholf De León propuesto en la *Moción Asumiendo Representación Legal y en Solicitud de Remedios Urgentes*, el foro primario emitió una *Resolución Interlocutoria* el 20 de diciembre de 2024, notificada el 26 de diciembre de 2024.[27] En ese decreto resolvió que "**la parte demandante tuvo oportunidad en muchas ocasiones de sustituir el perito y no lo hizo. Desafortunadamente al abogado asumir la defensa debe seguir el caso como está, no puede reabrir ni rehacer lo adjudicado y argumentar al respecto**".[28] (Énfasis nuestro). Además, señaló la celebración del juicio para el 14 de marzo de 2025.

Considerado el tracto procesal detallado previamente, determinamos que nos corresponde abstenernos de ejercer nuestras facultades discrecionales en el presente caso. Nos encontramos ante una *Resolución* recurrida, cuyo génesis responde a una etapa adelantada de los procesos judiciales. Por tanto, el adecuado ejercicio discrecional nos dirige a no intervenir en este momento en el dictamen recurrido de conformidad con los parámetros establecidos por la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Tribunal de Apelaciones, *supra*. A su vez, recordemos, que nuestro ordenamiento jurídico nos habilita a intervenir solamente en aquellas instancias interlocutorias en las cuales medie una actuación arbitraria o caprichosa, un ejercicio de craso abuso de discreción, o una errónea interpretación o aplicación del derecho por parte del foro primario. Sin embargo, no contemplamos indicios de tales escenarios en el recurso de epígrafe. Por tanto, denegamos la expedición el auto de *certiorari*.

---

[26] Apéndice de la parte peticionaria, págs. 62-63.
[27] Apéndice de la parte peticionaria, págs. 1-4.
[28] Apéndice de la parte peticionaria, pág. 2.

Por último, advertimos que este dictamen apelativo no prejuzga los méritos del caso, ni impide que una vez se dicte sentencia final por parte del Tribunal de Primera Instancia, la parte afectada presente el recurso apelativo correspondiente. Véase *Torres Martínez v. Torres Ghigliotty*, *supra*, págs. 98-99.

## IV.

Por los fundamentos que anteceden, *denegamos* la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones